_j2pARTER, Judge,
This is an appeal from a decision of a hearing officer of the Office of Workers’ Compensation.

FACTS

On October 6, 1989, Anita J. Ridley was injured during the course and scope of her employment as a cafeteria technician for the East Baton Rouge Parish School Board (the School Board). While swinging a heavy bag of garbage into a dumpster, Ridley injured her back. On November 2, 1989, the School Board began paying Ridley weekly compensation benefits at the rate of $135.07 based upon an average weekly wage of $202.60. Thus, Ridley received bi-weekly temporary total disability benefits in the amount of $270.14.
On June 6, 1995, Ridley filed a “Disputed Claim for Compensation” (1008 Form) with the Office of Workers’ Compensation, alleging that the School Board had denied payment for additional surgery and was not paying her the proper amount of weekly compensation benefits. The School Board contended that additional surgical intervention was unnecessary and that it was paying Ridley the proper amount of weekly compensation benefits.
On December 6,1995, the matter proceeded to trial. The only issue before the hearing officer was the amount of Ridley’s average weekly wage. On December 11, 1995, the hearing officer signed a decision, which provides, in pertinent part, as follows:
The claimant worked in the cafeteria for the defendant for about 13 years prior to her injury. She was hired and paid based on an annual salary; this salary is paid over a 20 pay-period basis. Her injury occurred on October 6, 1989. When the school year began again in August, 1989, she had received a pay raise from $508.95 per pay period, to $526.77 per pay period. The average weekly wage is computed by using her pay at the $526.77 figure and providing that wage for a year; 20 pay *1154 periods, totaling $10,535.00. This annual salary is then divided by 52 weeks for an average weekly wage of $202.60 and a TTD rate of $135.07.
The defendant correctly computed the average weekly wage; no penalties or attorney’s fees are due.
Ridley appealed from the decision, alleging that the hearing officer was manifestly erroneous in calculating her average weekly wage based on twenty pay periods, rather than twenty-four pay periods.
Is CALCULATION OF AVERAGE WEEKLY WAGE
Ridley contends that the hearing officer erred in calculating her average weekly wage. According to Ridley, in making the calculation, the hearing officer erroneously determined that Ridley’s salary was paid over a twenty pay-period basis, rather than twenty-four, at a rate of $526.77 per pay period. Therefore, Ridley reasons that her annual salary was incorrectly determined to be $10,535.00,[1] rather than the correct amount of $12,642.48.[2]
At the time of Ridley’s injury,[3] the Louisiana Workers’ Compensation Act provided the method of calculating average weekly wages. LSA-R.S. 23:1021 provided, in pertinent part, as follows:
(10) “Wages” means average weekly wage at the time of the accident.
The average weekly wage shall be determined as follows:
* * ⅜ * * *
(b) Monthly wages. If the employee is paid on a monthly basis, his monthly salary multiplied by twelve then divided by fifty-two.
(c) Annual wages. If the employee is employed at an annual salary, his annual salary divided by fifty-two.
The Act further provided in LSA-R.S. 23:1221(l)(a) that, for any injury producing temporary total disability of an employee, that employee shall be paid sixty-six and two-thirds percent of his or her wages during the period of such disability.
The same standard of review applicable to factual findings of district courts is also applicable to the factual findings of an administrative body or hearing officer. In workers’ compensation cases, the appropriate standard of review to be applied by appellate courts is the “manifest error-clearly wrong” standard. Alexander v. Pellerin Marble & Granite, 93-1698 pp. 5-6 (La.1/14/94); 630 So.2d 706, 710. For an appellate court to reverse a hearing officer’s factual finding, it must find from the record |4that a reasonable factual basis does not exist for the finding of the hearing officer or that the record establishes that the finding is clearly wrong. See Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993); Mart v. Hill, 505 So.2d 1120,1127 (La.1987). Thus, the reviewing court must do more than simply review the record for some evidence which supports or controverts the hearing officer’s finding. The reviewing court must review the record in its entirety to determine whether the hearing officer’s finding was clearly wrong or manifestly erroneous. See Stobart v. State, Department of Transportation and Development, 617 So.2d at 882.
The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Stobart v. State, Department of Transportation and Development, 617 So.2d at 882. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Where two permissible views of the evidence exist, the factfinder’s choice between them *1155 .cannot be clearly wrong. Stobarb v. State, Department of Transportation and Development, 617 So.2d at 882-83.
In the instant ease, the hearing officer determined that for the fiscal year of 1989-1990 Ridley was paid based on an annual salary of $10,535.00, which was paid over a twenty pay-period basis, resulting in an average weekly wage of $202.60 and a temporary total disability rate of $135.07.
The testimony at trial consisted of that of Ridley; James Melkor, the accountant for the School Board; Karen Lee, an employee of the School Board’s third party workers’ compensation administrator; and Jimmy Broussard, the School Board’s risk manager.
Ridley testified that she is forty-eight years old and has a sixth grade education. Prior to her injury, Ridley had been employed by the School Board for approximately thirteen years as a cafeteria worker. According to Ridley, prior to her accident, she had Rbeen receiving two checks per month based on a base salary of $526.77 per pay period.
James Melkor, the School Board’s accountant, described Ridley’s job classification as an active, full-time employee receiving an annual salary. Melkor testified that Ridley was injured in 1989 and that her annual salary at the beginning of the fiscal year of 1989-1990 was $10,535.00. Melkor indicated that for the previous school year Ridley was paid for the nine months of the year in which she worked and that her pay was divided into twenty cheeks. Melkor explained that plaintiff was paid on a semi-monthly basis and that she received twenty checks per year, based on the base salary per pay period for that year. The base salary for Ridley’s 1989-1990 pay periods was $526.77.
Melkor testified that, in the beginning of the fiscal year of 1989-1990, plaintiff participated in the deferred payment plan until November 1, 1989, receiving five checks while participating in the plan. According to Melkor, the annual salary of employees participating in the deferred payment plan is divided into twenty-four checks, rather than twenty. However, Melkor stated that participation in the deferred payment plan does not-change the amount of an employee’s annual salary.
Karen Lee testified that she is employed by Gallagher-Bassett, the third party administrator of the School Board’s workers’ compensation program. Lee indicated that she reviewed Ridley’s claim and that her average weekly wage calculation was based on an annual salary of $10,535.40. That amount was divided by fifty-two to arrive at an average weekly wage of $202.60, which gave Rid-ley a temporary total disability rate of $135.07. Lee testified that in 1989, Ridley was paid on a pay-period base salary of $526.77 on a twenty pay-period basis. According to Lee, participation in a deferred payment plan does not change the amount of an employee’s annual salary.
James F. Broussard testified that he is employed as risk manager for the School Board. Broussard stated that a nine-month employee usually receives his or her first 16check in October, but he acknowledged that the copies of four of Ridley’s check stubs introduced into evidence show that Ridley had received cheeks prior to October, 1989.
Ridley’s check stubs also reveal that she was paid on a semi-monthly basis at a base salary rate of $526.77 with a reduction for deferred pay. Furthermore, payroll data indicates that Ridley’s annual salary for the fiscal year 1989-1990 was $10,535.00, and defendants’ exhibit indicates that, during the fiscal year 1988-1989, Ridley received twenty checks.
After hearing all of the testimony and considering the documentary evidence, the hearing officer determined that, prior to Rid-ley’s period of disability, she was paid on a twenty pay-period basis at a base rate of $526.77 per pay period beginning August 1989, amounting to an annual salary of $10,-535.00. The hearing officer then divided that annual salary by fifty-two and arrived at an average weekly wage of $202.60 and a temporary total disability rate of $135.07.
We have thoroughly reviewed the entire record in this matter and find that a reasonable basis exists for the hearing officer’s findings. Apparently, after hearing all of the testimony and considering the payroll data, *1156 the hearing officer made credibility determinations and believed that Ridley was paid an annual salary of $10,535.00 and that she was paid on a twenty pay-period basis at a base rate of $526.77 per pay period, rather than a twenty-four pay-period basis. Using the guidelines for average weekly wage calculation, which are set forth in LSA-R.S. 23:1021(10)(e), Ridley’s annual salary of $10,-535.00 divided by fifty-two equals an average weekly wage of $202.60. Therefore, we conclude that the hearing officer’s calculation of Ridley’s average weekly wage and temporary total disability benefit rate was not erroneous.

CONCLUSION

For the foregoing reasons, the decision of the hearing officer is affirmed. Appeal costs are assessed against Ridley.
AFFIRMED.

. $526.77 x 20 = $10,535.40. (Apparently, the hearing officer rounded off the figure to $10,-535.00.)

. $526.77 x 24 = $12,642.48.

.A workers' compensation claimant’s entitlement to benefits is governed by the law in effect at the time of the claimant's accident. Daugherty v. Domino's Pizza, 95-1394 p. 6 (La.5/21/96); 674 So.2d 947, 951 n. 4.